MANN, Judge.
Francoeur has a problem remote from even our vicarious experience: he has more cash to invest than one man can do effectively. In September 1966 he hired Howell to help. Francoeur owned the Tides Hotel in Naples, and built the La-Playa after Howell joined him. Although each hotel had its own manager and staff, Howell made Naples his base of operations and the lines between his work as entrepreneur and as manager blurred. In May 1968 Francoeur had to choose between keeping Howell and keeping many of his hotels’ staffs, who were threatening to quit, so he kept the hotel staffs.
This action is the aftermath. Howell claims that he was promised a piece of the action, and he was. He claimed a stock *306 interest in Seminole Vanderbilt Corporation, which owns the hotels, but the trial court ruled against him. He claimed a bonus arrangement which entitled him to a share of the profits, and the trial court, overruling Francoeur’s contention that this was a mere gratuity, ruled for him on this point.
The trial judge’s factual findings are supported by the record, but his accounting is faulty. Both parties agree that Exhibit 6 expresses their agreement. Both parties relied on the arrangement, and Howell continued in Francoeur’s employ. That bonus agreement provides:

“Formula for bonus plan

(1) Since P.M.F. has no salary and is interested solely in capital appreciation, he should have a return on investment of 10%.
(2) This return should be based on total assets employed: whether cash, property, or credit, less interest payments on borrowed funds.

Example: LA PLAYA

(a) Assume La Playa's total assets are $1,400 M
10% return would be 140 M
Deduct: Interest—mortgage $53 M
" —bank loan 19 M 72 M
This would be return on capital 68 M
(b) Assume La Playa earns before taxes 120 M
Deduct return on capital 68 M
Available for bonus 52 M
10% of 52 M = $5200.00"
This is obviously not so sweet a deal as Howell once might have thought it, but no court has authority to rewrite it. Obviously Francoeur’s return on capital, plus the extent to which ten per cent exceeds the cost of borrowed capital, comes off the top of the net profits, and what Howell’s bonus, if any, should be cannot be determined by reference to profit-and-loss statements alone. One must know the balance sheet as well.
The trial judge erroneously determined that depreciation and interest were not allowable as expenses. Depreciation is a normal business expense,[1] and there is no evidence justifying its exclusion. Its precise computation not being specifically provided for, it is to be determined according to standard accounting procedures, without regard to special options available for tax purposes. Interest is contemplated as a business expense, because allowance is made in the formula so that borrowed capital will not bear the dual burden of its cost plus Francoeur’s recovery of 10%.
Two troublesome accounting problems remain. First, should Howell’s salary be considered as an expense of the two hotels whose profits were to determine his bonus ? The bonus agreement is silent, but the record shows that Howell was an employee of a parent corporation wholly owned by Francoeur. Francoeur contemplated that the two hotels’ statements would serve as the basis for computation of the bonus. This would exclude Howell’s basic salary as a factor. Thus the trial court erroneously charged 75% of that salary against the hotels.
Secondly, should the first five months of 1968 be considered as Viz of a year, or shall the entire year be considered and Viz of the annual profits be considered? Since the winter season in Naples produces substantially more revenue per month than the last seven months of the year, the end result may be different. Howell’s testimony was that “It was to be paid at the end of the fiscal year of each operation, once you knew what the results were.” Accordingly, we hold that the entire fiscal year should be the basis for initial accounting, pro-rated for any fraction of a year during which Howell was employed.
Affirmed in part, reversed in part and remanded for determination of the amount, if any, due as calculated in accordance with the bonus agreement.
HOBSON, A. C. J., and McNULTY, J., concur.

. See In re Warner’s Trust, 1962, 263 Minn. 449, 459,117 N.W.2d 224, 231.